**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MARY LEWIS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:19-CV-1501-RDP |
| } | |
| **WAL-MART STORES, INC.,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Wal-Mart Stores, Inc.'s[1] Motion to Dismiss. (Doc. # 11). The Motion has been fully briefed (Docs. # 22 and 25), and is ripe for decision. After careful review, and for the reasons explained below, Defendant's Motion to Dismiss (Doc. # 11) is due to be denied.

**I.     Background**

In her Complaint, Plaintiff Mary Lewis asserts a single claim of gender discrimination under Title VII, 42 U.S.C. §§ 2000e, *et seq.* (Doc. # 1 at 16-17). Plaintiff worked for two Alabama stores during her tenure with Walmart: the store in Gardendale, Alabama, and the store in Adamsville, Alabama. (Doc. # 1 at ¶ 9). It is Plaintiff's work at the Adamsville store which is at issue in this case.[2]

---

[1] Defendant is now known as Walmart, Inc. (Doc. # 11 at 1).

[2] Betty Dukes and five other women filed a complaint in the Northern District of California in June 2001, alleging Walmart violated Title VII by delegating discretion to local managers over pay and promotion decisions. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). The *Dukes* plaintiffs sought to represent a nationwide class consisting of "[a]ll women employed at any Walmart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Walmart's challenged pay and management track promotions policies and practices." *Id*. at 346.

In 2004, the district court certified a nationwide class under Rule 23(b)(2). *Dukes*, 564 U.S. at 346. Ultimately, the Supreme Court reversed. *Id*. at 359. The decision ended the tolling of limitations for absent class

Plaintiff started work at the Adamsville store in May 1999 as a Department Manager, and she worked in several different departments during her employment there. (*Id*. at ¶ 52). At all relevant times, each Walmart store, including Plaintiff's, "had the same job categories, job descriptions and management hierarchy." (*Id*. at ¶15). Prior to 2004, jobs were assigned to specific pay classes, and "[j]obs were assigned to the same class regardless of department[.]" (*Id*. at ¶ 22). Plaintiff alleges that after Walmart's pay restructuring in 2004, pay rates differed depending on department and "many jobs in departments in which women were over-represented were assigned to lower job classes, while those same job titles in departments over-represented by men were assigned to higher job classes." (*Id*. at ¶¶ 34-35).

Around the start of her time at the Adamsville store, Plaintiff had reason to believe that two male employees who also held Department Manager positions, Lance and David (last names unknown), were paid more than she was despite the fact that they had the same managerial responsibilities. (*Id*. at ¶ 53). Plaintiff eventually confirmed this was the case. On one occasion while working as Front-End Manager, Plaintiff logged into Walmart's computer software and saw pay records for employees in her store. (*Id*. at ¶ 58). These records indicated that male Department Managers, particularly Lance and David, were making more than female Department Managers, including Plaintiff. (*Id*.).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative

---

members to pursue individual claims for the same conduct raised in the *Dukes* complaints. On remand, the district court set deadlines for former *Dukes* class members to file charges of discrimination with the EEOC. *Dukes*, No. 3:01-cv-02252, DE 760 (N.D. Cal. Aug.19, 2011). Plaintiff filed an EEOC charge within these deadlines. (Doc. # 1 at ¶ 5). Plaintiff received her notice of right to sue on June 12, 2019 and filed this action on September 9, 2019. (Doc. # 1).

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts,

accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III.     Analysis**

In its Motion, Defendant argues that Plaintiff's Complaint fails to state a claim of pay discrimination. (Doc. # 11 at 4). Essentially, Defendant argues that Plaintiff's original Complaint must be dismissed because she has failed to plead all the elements of a prima facie case. (Doc. # 11 at 5). In support of this argument, Defendant cites a 2004 Eleventh Circuit case which was reversed on other grounds and various district court cases from this Circuit. (*Id.* at 5-6). Defendant further argues that Plaintiff has not pled that she was treated less favorably than appropriate comparators because the comparators to whom she compares herself worked in different departments. (*Id.* at 6-7). Defendant also argues that "Plaintiff has not pled that either of her purported comparators is 'nearly identical' to her and was paid more for the same work." (*Id*. at 7-8).

Plaintiff responds that her "Complaint provides more than 'mere suggestion of discrimination,'[] and is distinguishable from the cases Walmart cites." (Doc. # 22 at 5). She argues that she "has pled sufficient facts to 'draw the reasonable inference' that Walmart discriminated against her on the basis of her sex" and that she has pled specific facts showing that the alleged comparators are "arguably similarly situated" to her. (*Id.* at 6).

A plaintiff need not allege facts establishing a *McDonnell Douglas* prima facie case to survive a motion to dismiss. *Nurse v. City of Alpharetta*, 775 F. App'x 603, 606 (11th Cir. 2019) ("a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case [but] it must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination." (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th

Cir. 2008) (in turn quoting *Twombly*, 550 U.S. at 556))); *see also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–11 (2002) (holding that an employment discrimination complaint arising under Title VII need not contain specific facts establishing a prima facie case under *McDonnell Douglas*, but rather need only lay out a short statement of the claim showing that the pleader is entitled to relief); *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004) (same). "[T]he standard 'simply calls for enough fact[s] to raise a reasonable expectation that *discovery* will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (emphasis added). Based on the court's review of Plaintiff's Complaint, Plaintiff has alleged sufficient facts to state a plausible discrimination claim and Defendant has been provided fair notice of the factual grounds on which Plaintiff's claim purports to be based. *See Swierkiewicz*, 534 U.S. at 508.[3]

Here, Plaintiff has alleged that she was a department head and worked in various different departments (Doc. # 1 at ¶ 52); male department heads were paid more than she was paid despite performing the same duties (*Id.* at ¶ 53); and female department heads with more seniority and experience were paid less than male department heads with less seniority (*Id.* at ¶ 61). In her complaint, Plaintiff has named the department heads to whom she compares herself, and has identified the departments in which they worked. (*Id.* at ¶ 54). Her allegations regarding the pay differential are not conclusory and they are based on information she claims to have learned while logged on to Defendant's computer system. (*Id.* at ¶ 58).

---

[3] In any event, and as a general rule, the court should not dismiss an original complaint without allowing a plaintiff an opportunity to replead. *See, e.g., Gilbert v. Daniels*, 624 F. App'x 716 (11th Cir. 2015) (concluding the district court was required to address plaintiff's allegations, explain how they failed to meet rule governing pleading standard, and give plaintiff opportunity to replead or explain why amendment would be futile).

Defendant's argument that Plaintiff has not alleged that her comparators are "nearly identical" is off the mark. The Eleventh Circuit has recently clarified the appropriate comparator standard. *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220 (11th Cir. 2019). In *Lewis*, the Eleventh Circuit expressly stated in its opinion that it "took this case *en banc* to clarify the proper standard for comparator evidence in intentional-discrimination cases." *Lewis,* 918 F.3d at 1220. In *Lewis,* the court specifically held that "a plaintiff needn't show that she and her comparators were 'nearly identical.'" *Id*. at 1229. Therefore, Defendant's argument is a non-starter. (*See* Doc. # 11 at 7, Doc. # 25 at 5). All a plaintiff must show is that "she and her comparators are 'similarly situated in all material respects.'" *Id.* The court finds that she has sufficiently pled her intentional discrimination claim.[4]

## IV.  Conclusion

For the reasons explained above, Defendant's Motion to Dismiss (Doc. # 11) is **DENIED**.

**DONE** and **ORDERED** this December 18, 2019.

                                                                             _____
                                                                             **R. DAVID PROCTOR**
                                                                             UNITED STATES DISTRICT JUDGE

---

[4] Moreover, Defendant's argument taken to its logical conclusion is simply untenable. Defendant argues that because department heads work in different departments, can not be sufficiently similar. (Doc. # 11 at 7). In addition to it being inconsistent with *Lewis*, the "logical" force of the argument is that a department head could never identify an appropriate comparator because there is only one department head in each department.